166 So. 731

**GREAT ATLANTIC & PACIFIC TEA CO. v. DIXIE CHEMICAL PRODUCTS CO.**

6 Div. 848.

Court of Appeals of Alabama.

March 19, 1936.

J. L. Drennen, of Birmingham, for appellant.

J. Reese Murray, of Birmingham, for appellee.

RICE, Judge.

This was a suit by appellee against appellant, wherein appellee claimed $281.47 to be due it by account, and for merchandise, goods, and chattels sold to appellant.

There was a verdict and judgment for appellee, after which a "motion for a new trial" was made by appellant; and, same being overruled, this appeal follows.

We agree fully with the learned trial judge's remarks to the jury, as embodied in the following excerpt from his oral charge, to wit:

"Now, the inquiry in this case is just what the agreement or understanding was between the parties to the litigation. Now, it is not a question of law at all, but it is a question of fact, and being a question of fact, it becomes a matter for you to decide. You will notice in the complaint the plaintiff says that the defendant—that it sold the defendant certain goods, wares and merchandise at the request of the defendant for so much, and the burden is on the plaintiff to reasonably satisfy you that that is true. And if it does so reasonably satisfy you,— if the plaintiff reasonably satisfies you from the evidence that, that is—that the merchandise was sold to the defendant at the defendant's request at the price claimed by the plaintiff,—if it satisfies you, reasonably satisfies you that that is true, then it has met the burden of proof.

"On the other hand, if it has not done so, then it has failed to meet the burden of proof that is upon it. It is for you to determine from all the circumstances as to what point upon which the minds of the parties met with reference to the amount, if any, to be paid the plaintiff in the case, for the merchandise delivered to the defendant.

"If you are reasonably satisfied from the evidence that the minds of the parties in this case met upon the proposition that the defendant was to pay the plaintiff the amount claimed by the plaintiff as the purchase price of the merchandise, then the plaintiff would be entitled to recover. On the other hand, if the plaintiff failed to so

reasonably satisfy you from the evidence, and if you find that the minds of the parties in this case met upon the proposition that the merchandise was to be delivered to the defendant without charge, as free goods, then, of course, the plaintiff would not be entitled to recover."

There is really very little for us to say.

True, appellant's industrious counsel has erected, out of the few exceptions reserved, some more or less interesting "straw men" of error; but in each instance these creatures of ingenuity have been successfully "flattened out" by appellee's equally re sourceful counsel—in every case, we believe, by the mere recitation of some platitudinous principle of law—supported by the citation of some decision either of the Supreme Court or this court.

We can conceive of no useful purpose to be served by our extending our opinion by a seriatim discussion of the few assignments of error argued here. There was no prejudicially erroneous ruling or action by the trial court.

The judgment is affirmed.

Affirmed.